| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | PRIORITY SEND |
| CIVIL MINUTES -- GENERAL | | JS - 6 |

Case No.   **CV 12-6300-JFW (Ex)**                                    Date:  August 16, 2012

Title:     Summer Gathers, LLP -v- Bank of America, NA, et al.

---

**PRESENT:**

    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER DISMISSING ACTION FOR LACK OF
                                                 SUBJECT MATTER JURISDICTION

     On July 23, 2012, Plaintiff Summer Gathers, LLP ("Plaintiff"), pro se, filed a Complaint in this Court against Defendants Bank of America, N.A. and BAC Home Loan Services.  Plaintiff fails to allege any basis for the Court's jurisdiction, and fails to allege the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

     Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Plaintiff fails to properly allege the citizenship of the parties.  For example, for the purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff is a limited liability partnership, yet it fails to allege the citizenship of any of its partners.   Moreover, Plaintiff's Complaint does not contain any claims that arise under "the Constitution, laws or treaties of the United States" necessary for jurisdiction under 28 U.S.C. § 1331.

     Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the

district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

Moreover, pursuant to Local Rule 83-2.10.1, "[a] corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding *pro se*."   Accordingly, the Court also dismisses this action on the grounds that Plaintiff, a limited liability partnership, may not appear in this action pro se.

IT IS SO ORDERED.